UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMMIE L. WALTHOUR and
REGINALD A. EARL,
        Plaintiffs,

v.                                                Case No. 8:17-cv-38-T-24 TGW

HILLSBOROUGH COUNTY,
        Defendant.
_____/

## ORDER

       This cause comes before the Court on Plaintiffs' Motion to Vacate Order of Dismissal. (Doc. No. 4). Plaintiffs make this motion pursuant to Federal Rule of Civil Procedure 60, but they do not point to a specific provision of Rule 60 that they believe controls. Regardless, no provision of Rule 60 provides any relief.

       On January 4, 2017, Plaintiffs filed a complaint in this case that contains only the following relevant factual assertions: (1) Plaintiffs are African American; (2) Plaintiffs filed a charge of discrimination with the EEOC; (3) the EEOC issued a cause determination finding that Defendant violated Title VII; and (4) on October 4, 2016, the EEOC issued Plaintiffs each a Notice of Right to Sue (the Notices were attached to the complaint). Thereafter, Plaintiffs asserted three counts: (1) Title VII race discrimination, (2) Title VII retaliation, and (3) § 1983 injunctive relief. Within these counts, Plaintiffs acknowledged that the factual basis for the counts were "NOT YET COMPLETE."

       Upon review of the complaint, the Court issued an order sua sponte dismissing the case, because the complaint failed to comply with Federal Rule of Civil Procedure 8(a). Specifically, the Court stated that the complaint did not provide a short and plain statement of the claim

showing that Plaintiffs are entitled to relief. In response, Plaintiffs filed the instant motion, in which they argue that the Court erred in dismissing this case because their complaint satisfies the requirements of Rule 8. Specifically, they contend that their allegation that the EEOC issued a cause determination finding that Defendant violated Title VII is sufficient to show that they are entitled to relief in this case. The Court is not persuaded by this argument.

The case law is clear that simply filing a Notice of Right to Sue is not sufficient to comply with the requirement that a complaint be filed within 90 days after receiving a Notice, because a Notice of Right to Sue does not satisfy Rule 8's notice pleading requirement. See Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984). In Baldwin County, the Court noted that "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 150 n.3 (quotation marks and citation omitted).

After Baldwin County, the Eleventh Circuit addressed the issue of the sufficiency of a Title VII complaint. See Judkins v. Beech Aircraft Corp., 745 F.2d 1330 (11th Cir. 1984). In Judkins, the pro se plaintiff filed both the Notice of Right to Sue and the EEOC charge of discrimination. See id. at 1332. Because the EEOC charge of discrimination laid out the factual basis for a discrimination claim, the court found that the plaintiff's filing was sufficient. See id.

In the instant case, the purported complaint filed with the Notices of Right to Sue does not set forth any factual allegations about the alleged discrimination or retaliation. All that the Court can discern is that this is a race discrimination and retaliation case. There is no detail whatsoever regarding what discriminatory or retaliatory actions were taken, and as such, this

document does not give Defendant notice of the basis for Plaintiffs' claims. As a result, Plaintiffs' complaint is not sufficient to comply with Rule 8(a), and it was correctly dismissed.

In arguing against the Court's dismissal order, Plaintiffs randomly quote from cases in an attempt to show that their complaint is sufficient. For example, they argue that it was proper for them to acknowledge in the complaint that the factual basis for the counts were "NOT YET COMPLETE," and then they cite that such pleading is permissible when the facts lie only in the defendant's possession. Plaintiffs certainly cannot be arguing that the facts supporting their discrimination and retaliation claims lie solely within Defendant's possession. Plaintiffs filed an EEOC charge of discrimination; had Plaintiffs simply attached that document to their complaint, the case likely would not have been sua sponte dismissed.

Plaintiffs also seem to argue that they can file a bare-bones placeholder complaint and then they are entitled to obtain an additional 141 days before they are required to file a more factually detailed amended complaint. They support this 141-day contention by arguing that they have 120 days to serve the complaint and then can amend the complaint as a matter of course within 21 days after serving it. This argument reveals the fact that Plaintiffs' counsel needs to go back and re-read Federal Rule of Civil Procedure 4(m), which was amended in 2015 to shorten the time for serving a complaint from 120 days to 90 days. Furthermore, an amended complaint cannot relate back to the original filing date of the complaint in this case, because the original complaint did not satisfy Rule 8's pleading requirements. See Baldwin County, 466 U.S. 150 n.3. Since an amended complaint cannot relate back to the original filing date, Plaintiffs will not be able to meet the requirement that their Title VII complaint be filed within 90 days after they received their Notices of Right to Sue.

Thus, this Court's dismissal of Plaintiffs' complaint remains. While it was not specifically stated in the dismissal order, the dismissal is without prejudice. However, Plaintiffs are time-barred from asserting their Title VII claims, because they did not file a sufficient complaint within 90 days after they received their Notices of Right to Sue. Plaintiffs provided absolutely no factual allegations to support their § 1983 claim, and as such, the Court makes no finding as to whether that claim is time-barred.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion to Vacate Order of Dismissal (Doc. No. 4) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of January, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record