UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMMIE L. WALTHOUR and
REGINALD A. EARL,
         Plaintiffs,

v.                                               Case No. 8:17-cv-38-T-24 TGW

HILLSBOROUGH COUNTY,
         Defendant.
_____/

**ORDER**

This cause comes before the Court on several filings: (1) Plaintiffs' Motion to Extend Time (Doc. No. 8); (2) Plaintiffs' Motion to Vacate Order Denying Motion to Vacate (Doc. No. 9); (3) Plaintiffs' proposed amended complaint (Doc. No. 10); (4) Plaintiffs' affidavits (Doc. No. 11); and (5) Plaintiffs' waivers (Doc. No. S-13). As explained below, Plaintiffs are not entitled to the relief that they are seeking.

**I. Background**

On January 4, 2017, Plaintiffs filed a complaint in this case that contained only the following relevant factual assertions: (1) Plaintiffs are African American; (2) Plaintiffs filed a charge of discrimination with the EEOC; (3) the EEOC issued a cause determination finding that Defendant violated Title VII; and (4) on October 4, 2016, the EEOC issued Plaintiffs each a Notice of Right to Sue (the Notices were attached to the complaint). Thereafter, Plaintiffs asserted three counts: (1) Title VII race discrimination, (2) Title VII retaliation, and (3) § 1983 injunctive relief. Within these counts, Plaintiffs acknowledged that the factual basis for the counts were "NOT YET COMPLETE."

Upon review of the complaint, the Court issued an order sua sponte dismissing the case,

because the complaint failed to comply with Federal Rule of Civil Procedure 8(a).  (Doc. No. 3).  In response, Plaintiffs filed a motion to vacate the dismissal order, which this Court denied.  (Doc. No. 4, 5).  Thereafter, Plaintiffs submitted the instant filings.

## II.  Motion to Extend Time (Doc. No. 8)

Within the instant filings, Plaintiffs ask the Court to use its equitable powers to allow them additional time to file an amended complaint that fully complies with Federal Rule of Civil Procedure 8.  (Doc. No. 8).  The Court construes this as a request for equitable tolling of the 90-day period within which Plaintiffs were required to file their Title VII complaint after receiving the EEOC's Notices of Right to Sue.  The Court, however, has already concluded in its January 20, 2017 order that Plaintiffs' Title VII claims are time-barred, because the 90-day period has passed.  (Doc. No. 5).

In support of their motion for equitable tolling, Plaintiffs request additional time to file a sufficient complaint because they are not sure "whether the EEOC made a determination that the Plaintiff's [sic] **signed waivers** with Defendant were invalid and, if so, whether the Plaintiffs could lawfully file a lawsuit against the Defendants [sic]."  (Doc. No. 6, ¶ 2).  Apparently, Plaintiffs signed waivers in which they released any and all claims that they may have had against Defendant relating to their employment with Defendant.[1]  (Doc. No. S-13).

Plaintiffs made the following representation to this Court in support of their motions:

> As per the clear language in the Plaintiffs' Signed General Waivers,

---

[1]Plaintiffs were directed to submit the waivers to the Court for filing under seal.  However, Plaintiffs appear to have submitted two first pages of Plaintiff Reginald Earl's waiver, and no first page of Plaintiff Sammie Walthour's waiver.  (Doc. No. S-13).  The remaining four pages of the waivers appear to be identical in content, so the Court assumes that both Plaintiffs signed waivers containing the same language.

> the Plaintiffs are expressly and equitably esstopped [sic] from asserting any claims against the Defendant, unless and until such time as they are able to ascertain whether the EEOC/ U.S. Department of Justice issued the Notices of Right to Sue under the premise that these waivers were not valid or were void.

(Doc. No. 11, p. 1). This representation implied (if not expressly stated) that the waivers contained language giving the EEOC and/or U.S. Department of Justice ("U.S. D.O.J.") the authority to determine if the waivers were valid. No such authority is contained within the language of the waivers. As such, the EEOC and/or U.S. D.O.J.'s conclusions about the validity of the waivers do not appear to have an effect on this Court's proceedings.

Furthermore, the Eleventh Circuit has stated the following regarding equitable tolling:

> The general test for equitable tolling requires the party seeking tolling to prove (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. . . . [T]he [p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. [I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law. In the antidiscrimination context, [b]y choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination. [T]he costs associated with processing and defending stale or dormant claims outweigh the federal interest in guaranteeing a remedy to every victim of discrimination. For these reasons, [f]ederal courts have typically extended equitable relief only sparingly, and requiring proof of diligence and extraordinary circumstances serves these goals.

Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016)(quotation marks and internal citations omitted).

Plaintiffs have not shown that some extraordinary circumstance stood in their way and prevented a timely filing of a complaint that complies with Rule 8. Plaintiffs state that to the

extent they erred in believing that their complaint complied with Rule 8, such was excusable neglect or harmless error.  However, neither excusable neglect nor harmless error is sufficient to justify equitable tolling.  Accordingly, Plaintiffs have not shown a basis for equitable tolling for their Title VII claims.

Plaintiffs also attempted to assert a § 1983 claim in their original complaint, and this Court makes no findings as to that claim's timeliness.  Regardless, Plaintiffs have not shown that equitable tolling is warranted (or even necessary) for their § 1983 claim.  However, the Court notes that the waivers appear to cover a release of Plaintiffs' § 1983 claim.

### III.  Motion to Vacate Court's Dismissal Order (Doc. No. 9)

Plaintiffs also request that the Court vacate its January 20, 2017 order (Doc. No. 5) denying Plaintiffs' earlier motion to vacate (Doc. No. 4) this Court's January 18, 2017 order of dismissal (Doc. No. 3).  In support of this motion, Plaintiffs contend that the Court's dismissal order should be vacated because they did not have access to certain facts necessary to properly plead the claims in their complaint.  Specifically, they state that the EEOC is in complete control of information regarding Plaintiffs' waivers, and Plaintiffs do not know whether the EEOC has determined those waivers to be valid.  However, as previously stated, the EEOC's conclusions about the validity of the waivers do not appear to have an effect on this Court's proceedings.  As such, Plaintiffs are not entitled to the relief that they seek.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiffs' Motion to Extend Time  (Doc. No. 8) is **DENIED**.

(2)   Plaintiffs' Motion to Vacate Order Denying Motion to Vacate (Doc. No. 9) is

**DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of January, 2017.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge